**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| **DEWAYNE COLEMAN,** on behalf of himself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>**ONSHORE TECHNOLOGY SERVICES, INC.**,<br><br>Defendant. | **CASE NO.: 4:17-CV-868** |

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, DEWAYNE COLEMAN, on behalf of himself and others similarly situated ("Plaintiff"), was an employee of Defendant, ONSHORE TECHNOLOGY SERVICES, INC., a foreign profit corporation (hereinafter "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

# NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation and liquidated damages for Plaintiff and similarly situated employees whom have worked under the title "Quality Assurance Technicians" for Defendant.

2. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute this FLSA claim as a collective action on behalf of all persons whom are currently or were formerly employed by Defendant, during material times relevant to this action (2014 through 2017), [1] and within the past three years from the filing of the underlying matter ("the class members").

3. Plaintiff alleges, on behalf of himself and the class members, that he is entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a work week as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

# PARTIES

4. Plaintiff, on behalf of himself and others similarly situated, was a "Quality Assurance Technician" and performed related activities for Defendant.

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

5. Defendant, ONSHORE TECHNOLOGY SERVICES, INC., has its headquarters in the City of Macon, County of Macon, Missouri, therefore venue is proper in the Eastern District of Missouri, Northern Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

6. Defendant provides technology resources for hundreds of clients, supporting millions of lines of code, manage thousands of applications, and service hundreds of clients from four facilities across Missouri and Georgia.

## JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

9. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times relevant to this action, Defendant was an employer as defined by 29 U.S.C. § 203(d).

11. At all material times relevant to this action, Defendant's annual gross volume of sales made or business done is not less than Five Hundred Thousand Dollars and no cents ($500,000).

12. At all material times relevant to this action, Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved or produced for such commerce (i.e., computers, telephones, faxes, copiers, and other office equipment, supplies, etc.).

13. At all material times relevant to this action, Defendant had two (2) or more employees routinely ordering materials or supplies from out-of-state vendors and sold to out-of-state customers.

14. At all material times relevant to this action, Defendant has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out-of-state banks.

15. At all material times relevant to this action, Defendant also used telephones and/or computers to place and receive business calls and information.

16. At all material times relevant to this action, Plaintiff was individually involved in commerce as he transacted with Defendant's customers/vendors who were out of the state of Georgia on a weekly, if not daily basis.

## FACTUAL ALLEGATIONS

17. Defendant provides information technology resources tailored-fit to clients' specific needs ranging from information technology, custom application development, application development & integration, data services, software development, business intelligence, rural sourcing, software testing, net, Java, BPO, help desk, consulting, and quality assurance.

18. Defendant purports to contract with individuals to perform quality control inspections, testing of products, including, but not limited to, maintaining quality assurance processes, and recording data of product development for clients during new product or merchandise launch.

19. Defendant purports to call these individuals, "Quality Assurance Technicians," exempt employees, thereby avoiding any obligation to pay overtime.

20. Defendant pays its "Quality Assurance Technicians" (QATs") a salary.

21. Defendant pays its QATs a salary that barely meets the minimum to claim an overtime exemption under the Computer Professional Exemption ($455 per week). *See* 29 C.F.R. §541.400.

22. QATs do not perform high level computer professional job duties.

23. QATs are not required to have gone through an advanced course of study for computer training.

24. Indeed, Plaintiff only had a high school degree when hired by Defendant.

25. QATs duties do not consist of the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications.

26. QATs duties do not consists of the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

27. QATs duties do not consist of the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

28. Essentially all of the "Quality Assurance Technicians" work well over forty (40) hours per week.

29. Typically, the "Quality Assurance Technicians" works between fifty (50) to sixty (60) hours per week without overtime compensation.

30. Plaintiff worked as a "Quality Assurance Technicians" for Defendant.

31. Plaintiff worked in this capacity from approximately August 2015 through July 2016.

32. Plaintiff was paid a "salary" without additional compensation for overtime hours worked.

33. Plaintiff and others similarly situated routinely worked in excess of forty (40) hours per week as part of their regular job duties.

34. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and others similarly situated overtime compensation at a rate of time and one-half their regular rate of pay for hours worked over forty (40) in a work week.

35. Specifically, Defendant improperly classified Plaintiff and other similarly situated employees as "exempt" from the requirements of the FLSA under the computer professional exemption.

36. Defendant, its officers, and agencies are responsible under federal law, regulations for the establishment and administration of personnel, employment and compensation policies and practices, for applying to Plaintiff, as

well as others similarly situated employees, the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

37. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated are in the possession, custody, and control of Defendant.

38. Defendant has employed and is employing other individuals as "Quality Assurance Technicians" whom perform or have performed the same or similar job duties under the same pay provision as Plaintiff and other similarly situated employees.

### COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff and the class members performed the same or similar job duties as one another in that they provided and continue to provide quality control inspections, testing of products, maintain quality-assurance processes, and recording data of product development for Defendant's clients.

40. All of Defendant's "Quality Assurance Technicians" are paid a salary.

41. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid by the hour and not compensated at the rate of time and one-half for all hours worked in excess of forty (40) hours in a work

week during the time period when they were misclassified as "exempt employees." Therefore, the class members are owed overtime wages for the same reasons as Plaintiff.

42. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a work week as required by the FLSA results from a policy or practice of failure to assure that technicians are not paid for overtime hours worked.

43. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All "quality assurance technicians" whom worked at any of Defendant's locations nationwide within the last three (3) years whom were not compensated at the rate of time and one-half their regular rate for all hours worked in excess of forty (40) hours in a work week.**

44. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with regard to Plaintiff and the class members.

45. Defendant did not act in good-faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

46. During the material relevant times to this action, Defendant violated § 7(a)(1) and § 15(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more work weeks without compensating such employees for their work at a rate of time and one-half their regular rate for all hours worked in excess of forty (40) hours in a work week.

47. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

48. Plaintiff, on behalf of himself and others similarly situated, reincorporates and readopts all allegations contained in paragraphs 1 through 47 above as though fully stated herein.

49. Plaintiff and others similarly situated are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

50. During their employment with Defendant, Plaintiff and others similarly situated regularly worked overtime hours but were not paid time and one-half compensation for same.

51. Plaintiff and others similarly situated, were paid a salary without any additional premium payment of time or one-half their regular rate of pay for hours worked in excess of forty (40) within a work week.

52. In addition, Defendant did not maintain or keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

53. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and other similarly situated employees.

54. As a result of Defendant's willful violation of the FLSA, Plaintiff and others similarly situated are entitled to liquidated damages.

55. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and others similarly situated time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff and others similarly situated have suffered damages plus incurring reasonable attorneys' fees and costs.

## COUNT II
## DECLARATORY RELIEF

56. Plaintiff, on behalf of himself and others similarly situated, reincorporates and readopts all allegations contained in paragraphs 1 through 47 above as though fully stated herein.

57. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

58. The Court, also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202.

59. Plaintiff may obtain declaratory relief.

60. Defendant employed Plaintiff.

61. Defendant is an enterprise.

62. Plaintiff was individually covered by the FLSA.

63. All QATs are individually covered under the FLSA.

64. Plaintiff was an employee and not "exempt."

65. Defendant's "Quality Assurance Technicians" are/were non-exempt employees.

66. Defendant's "Quality Assurance Technicians" are eligible for overtime compensation.

67. Defendant's "Quality Assurance Technicians" are/were misclassified as exempt employees.

68. Having been advised of the misclassification, Defendant did nothing to change the "Quality Assurance Technicians" classification as exempt employees.

69. Defendant did not rely upon a good faith defense in classifying "Quality Assurance Technicians" as exempt employees.

70. Plaintiff is entitled to an equal amount of liquidated damages.

71. It is in the public interest to have these declarations of rights recorded.

72. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

73. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff, DEWAYNE COLEMAN, on behalf of himself and others similarly situated, demands judgment against ONSHORE TECHNOLOGY SERVICES, INC., individually, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff, and other similarly situated employees, for which Defendant did not properly compensate Plaintiff and the class members, liquidated damages, declaratory relief, reasonable attorneys' fees and costs incurred in this action, pre-and post-judgment interest as provided by law, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Phillip M. Murphy, II
**Phillip M. Murphy II**
MO Bar No.: 61467
Law Office of Phillip M. Murphy II
4717 Grand Avenue, Suite 250
Kansas City, Missouri 64112
Telephone: (913) 661-2900
Facsimile: (913) 312-5841
phillip@phillipmurphylaw.com


**Carlos V. Leach, Esq.***
GA Bar No.: 488443
*Pro Hav Vice Forthcoming*
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Main: (404) 965-8811
Facsimile: (404) 496-7405
Email: CLeach@forthepeople.com
***Attorneys for Plaintiff***